■ In the Matter of ROBERT J. NUTTALL, Petitioner, v CITY OF TROY et al., Respondents. (And Another Proceeding.) — Proceedings pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Rensselaer County) to review determinations of the Commissioner of Public Safety of the City of Troy which found petitioners Robert J. Nuttall and Christopher J. Williams guilty of misconduct and imposed a penalty of suspension without pay for a period of 60 days. Both petitioners are police officers of the City of Troy who have been disciplined for misconduct pursuant to section 75 of the Civil Service Law because they "tampered with and caused destruction of physical evidence while it was in the custody of another law enforcement agent". Upon this finding, the Commissioner of Public Safety of the City of Troy suspended each petitioner without pay for a period of 60 days. The charges arose from a high speed chase of a vehicle driven by a Philip Valenti on January 17, 1982 at 1:00 A.M. through Albany and Rensselaer Counties. Police agencies of the Town of Colonie, City of Watervliet and County of Rensselaer participated in the chase, which ended on route 142 in Rensselaer County when a Troy police officer fired his weapon at the pursued vehicle and struck one of its rear tires. During this episode, the Valenti vehicle struck and damaged several police cars and was disabled at the

side of the road. The driver was taken into custody at the scene, and of the several police agencies present, the Rensselaer County Sheriff's Department remained with the Valenti vehicle awaiting a tow truck. The vehicle was subsequently impounded as evidence by the Sheriff's department. All this time, petitioners were not involved. They had been monitoring the chase on their police car radio and following behind. When they arrived at the scene, which was well outside the City of Troy's limits, it was relatively quiet and most, if not all, of the other agencies, except for the two Rensselaer County deputy sheriffs, had left. Petitioners probed the flattened tire and enlarged the left rear fender of the Valenti vehicle with a hallagon bar while it was in the custody of the Sheriff's department. They did nothing else and left the scene, but made no report of their activity. Until petitioners' participation was reported to the Troy Police Department on January 18, 1982 by the Sheriff's department, it was unknown and petitioners did not officially report it until April 1, 1982. The hearing officer found that the misconduct of the petitioners contained in the first charge brought against them should be sustained. This charge accused petitioners of enlarging the bullet hole in the left rear fender of the Valenti vehicle with a hallagon bar and obliterating said bullet hole by striking it with the bar while the vehicle was in the custody of the Rensselaer County Sheriff's Department being held for evidence. The hearing officer recommended that each of petitioners be suspended for six weeks. The Commissioner of Public Safety adopted the hearing officer's finding of misconduct and imposed a suspension without pay for each petitioner of 60 days. Petitioners admit probing the Valenti vehicle with the bar without permission or authority, although they denied knowing that a shot had been fired until afterward and denied knowledge that the vehicle was impounded. Since the credibility of petitioners was an issue for the fact finders, it cannot be said that the other witnesses for the city were unworthy of belief or that this record lacks substantial evidence of petitioners' misconduct. The penalty imposed under these circumstances was not unduly harsh or disproportionate to the offense found. Accordingly, the determinations should be confirmed. Determinations confirmed, and petitions dismissed, without costs. Main, J. P., Casey, Mikoll, Yesawich, Jr., and Levine, JJ., concur.